South & Central American Commercial Co., Inc., Plaintiff, *v.* Panama Railroad Company, Defendant.

First Department, April 6, 1923.

Carriers — carrier of goods — action to recover damage arising from delivery of wrong goods transferred by shipper from Panama to New York city — provision in bill of lading that defendant should not be liable for loss by damage or for loss of part of goods, unless examination is made by shipper before removal and carrier notified, is not applicable — limitation of time within which to file claim and commence suit is invalid so far as it conflicts with First Cummins Amendment to Interstate Commerce Act — Shipping Act, 1916, § 18, does not prevent application of First Cummins Amendment.

In an action to recover damages arising out of a confusion of two shipments of sugar, it appeared that the two shipments contained nearly the same number of bags; that the shipment consigned to the plaintiff, which it had previously sold to a third person, was not delivered, but that delivery was made of the other shipment in place thereof to the person to whom the plaintiff had sold its sugar; that no notice of misdelivery prior to the removal of the sugar from the dock was given to the defendant; that no claim for damages under the bill of lading was made within sixty days from the arrival of the vessel or from the delivery of the wrong consignment of sugar and that an action was not commenced within sixty days from the time that the plaintiff filed a notice of claim with the defendant.

*Held,* that the provision in the bill of lading requiring the owner or shipper to examine the goods before removal from the pier to ascertain whether any part thereof is in a damaged condition or has been lost and in case of damage or loss to make and deliver in writing a statement of any claim for any loss or damage does not exonerate the defendant from liability in this case based on a misdelivery of an entire shipment, but that provision applies only where a part of the goods have been lost or there has been some damage in transportation.

The limitation on the liability of the defendant, an interstate carrier, which is contained in the bill of lading to the effect that notice of claim of loss or damage must be presented to the carrier within sixty days, and that suit must be

**124** SOUTH & CENTRAL AM. COM. CO., INC., *v.* PANAMA R. R. CO.

First Department, April, 1923.                    [Vol. 205

commenced within sixty days thereafter, is invalid, since it conflicts with the First Cummins Amendment to the Interstate Commerce Act, providing that it shall be unlawful for a carrier to limit the time for giving notice to less than ninety days and for filing claims to less than four months and for the institution of a suit to less than two years.

The First Cummins Amendment to the Interstate Commerce Act is applicable to carriers by water in interstate trade and section 18 of the Shipping Act, 1916, under which the defendant filed its tariffs, does not exclude the operation of the Interstate Commerce Act and cannot be held to remove the restrictions of the First Cummins Amendment relating to the giving of notice of claim and the commencement of suit.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Greenbaum, Wolff & Ernst* [*Edward S. Greenbaum* of counsel; *Lawrence S. Greenbaum* with him on the brief], for the plaintiff.

*Richard Reid Rogers*, for the defendant.

McAVOY, J.:

The parties here, the plaintiff, an importer of sugar, and the defendant, a common carrier operating steamship vessels from Panama and the Canal Zone to New York, submit to this court under sections 546–548 of the Civil Practice Act a controversy which has arisen between them.

The claim of the plaintiff is for damages arising out of a confusion in two shipments, one destined for the plaintiff as consignee under an appropriate bill of lading and containing 477 bags of Panela (a low grade of raw sugar), and the other consigned to Fidanque Bros. & Sons, consisting of 472 bags of a higher grade or semi-refined sugar. The shipment which plaintiff bought was marked " M. & C., New York; " the other shipment was marked " M. & C. Cristobal." The external appearance of the bags containing the semi-refined sugar was regular and smooth; the other sugar, which comes in cubes, six inches thick and in flat pieces one foot long or more, gives an irregular appearance to the bags. The plaintiff had previously sold the Panela sugar thus shipped to the American Sugar Refining Company, and on August 11, 1920, the defendant delivered to the agents of the American Sugar Refining Company, and that company received, 472 bags of the semi-refined sugar, which the American Sugar Refining Company carried away, although the bill of lading and the different markings indicated the fact that the American Sugar Refining Company was receiving a different character of sugar from that called for in the bill of lading. After this delivery of the wrong consignment of sugar to the plaintiff's transferee, the defendant, in ignorance of the fact that a wrong delivery had been made and after receiving instructions from the consignee of this shipment, to wit, Fidanque

Bros. & Sons, reshipped on the fifth of August to the Canal Zone the Panela sugar which ought to have been delivered to the plaintiff. The defendant does not disclaim fault in thus confusing the shipments and making this misdelivery, but it asserts that plaintiff, or its transferee, the American Sugar Refining Company, contributed to the happening of the event, and that defendant is exonerated from liability. Plaintiff concedes that no notice of misdelivery, prior to the removal of the sugar from the dock, was given; that no claim for damages under the bill of lading was made within sixty days from the arrival of the vessel, or from the delivery of the wrong consignment of sugar, and that an action was not commenced within sixty days from the time that the plaintiff filed with the defendant its notice of claim; but it avers that under none of these limitations and restrictions of liability can there be an escape by the defendant from its duty to pay for damages occurring by reason of its admixture or confusion of the goods. These damages are the difference between the amount received for the sugar which actually went to the American Sugar Refining Company, which accepted the actual delivery made, and the contract price which that company had agreed to pay for the Panela sugar which should have been delivered.

The agreed statement of facts shows that plaintiff's transferee kept the sugar actually delivered to it and paid therefor the sum of $7,790.66; and that the Panela sugar which was consigned to the plaintiff was worth the sum of $9,415.98, which sum the American Sugar Refining Company would have been obligated to pay plaintiff if it had received the 477 bags of Panela consigned to plaintiff and which was reshipped by direction of Fidanque Bros. & Sons as heretofore indicated, leaving a damage sum of $1,625.32.

The clauses of the bill of lading under which defendant claims exoneration of liability provide generally: (1) That there shall be an examination by the owner, shipper or agent of packages shipped before removal by him from the pier to ascertain whether any part thereof shall be in a damaged condition or shall have been lost or shall be missing or not present for delivery to him, and that he shall make and deliver in writing to the steamer's agent a statement of any claim for any loss of or damage to or the absence of any part of the said goods which could have been ascertained by him upon such examination before such removal of said goods; and (2) that the shipper or consignee, or other party in interest, having claims for loss of or damage to or misdelivery of or delay in delivery of packages, etc., shall present them in writing to the carrier, or its agent, " within sixty days from date of notice of

any such loss or damage, etc., and arrival of vessel at port or place of delivery * * * shall * * * fix the date of such notice, and if any such claim be not so presented within said sixty days, such claim shall be and by every Court be held to have been released by shipper and to be abandoned and barred; and [3] no suit on any such claim so presented or to recover for any such loss or damage, etc., shall be maintained unless * * * such suit be thereupon commenced and summons be served on carrier within sixty days from and after the day and date that such claim be so presented * * * and every such suit not so commenced within said sixty days * * * shall be and by every Court held to be barred, and all claims and demands against carrier alleged by complaint therein shall be so held to have been released by shipper * * * and to be abandoned and barred."

It cannot be ruled that the first claim for exoneration applies. It was apparently intended to prevent a consignee from accepting a shipment, removing the goods and thereafter claiming that part of the goods so removed were damaged, or that part of the goods called for by the bill of lading was not received. It applies in a case where there was a loss of or damage to, or the absence of any part of, said goods which could have been ascertained by the shipper upon an examination before the removal of said goods. Here there is no dispute with respect to the fact that none of the goods called for by the bill of lading were delivered to the consignee or its representative, the American Sugar Refining Company.

The statement of facts is conclusive evidence of a misdelivery of the whole consignment, and a clause relating to notice of misdelivery of part of the goods, whereby a claim for loss or damage thereto is made conditional on delivering to the steamer's agent a statement thereof, cannot be applicable. The release of liability of a carrier under the headings (2) and (3) has to do, as aforesaid, with the failure to file notice of claim within sixty days of the arrival of the vessel, and with the failure to bring suit thereon within sixty days after the filing of such claim. Plaintiff's contention here is as to the notice of claim, that defendant had actual notice of the claim within the time limit, and as to the commencement of action within the time limited, that defendant waived such commencement of an action, and that in any event it was guilty of negligence, and that such a condition does not apply and will not relieve a common carrier from responsibility for such negligence. It will be unnecessary to consider these points, since the decision of this controversy is governed by the First Cummins Amendment to the Interstate Commerce Act, which controls the provisions that may be enforced under a bill of lading in interstate

commerce. The Interstate Commerce Act (24 U. S. Stat. at Large, 379, chap. 104, as amd.) covers all interstate shipments. The First Cummins Amendment provides: " That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." (Act of March 4, 1915; 38 U. S. Stat. at Large, 1196, 1197, chap. 176, amdg. 24 id. 386, § 20, as amd. by 34 id. 593, 595, § 7, known as the Carmack Amendment. See, also, 41 U. S. Stat. at Large, 494, § 438.)

The defendant, being a common carrier operating between Panama and New York under tariffs filed with the United States Shipping Board pursuant to the act of September 7, 1916, known as the Shipping Act, 1916, is subject to the provisions of this First Cummins Amendment in respect of its interstate business.

The defendant's contention that the regulations of the First Cummins Amendment to the Interstate Commerce Act are not applicable to carriers by water in interstate trade, and that such regulations and restrictions of such trade are to be found wholly in the Shipping Act, 1916, under which the defendant filed its tariffs, pursuant to section 18, is unsound. The Shipping Act, 1916 (39 U. S. Stat. at Large, 728, chap. 451; Id. 735, § 18), does not attempt to modify, repeal or in any manner regulate or correct the nature, extent or provisions of bills of lading in any interstate commerce shipments. It cannot be deemed an exclusive enactment with respect to the regulation of common carriers by water in interstate commerce to the exclusion of the general Interstate Commerce Act, and its failure to make regulations with respect to bills of lading and their restrictions and limitations cannot be held to be a removal of the restrictions of the First Cummins Amendment to the general Interstate Commerce Act (38 U. S. Stat. at Large, 1196, 1197, chap. 176). That it was not intended that the Shipping Act, 1916, should be deemed such an exclusive enactment is shown by section 33 of said act (39 U. S. Stat. at Large, 738) whereby it is provided: " That this Act shall not be construed to affect the power or jurisdiction of the Interstate Commerce Commission, nor to confer upon the Board concurrent power or jurisdiction over any matter within the power or jurisdiction of such Commission; nor shall this Act be construed to apply to interstate commerce." Furthermore

First Department, April, 1923. [Vol. 205

the nature, extent and provisions of bills of lading used in interstate commerce shipments are also governed by the Federal Bills of Lading Act (39 U. S. Stat. at Large, 538, chap. 415).

The filing by defendant of schedules of tariffs with the United States Shipping Board can only be made because defendant is within the provisions of the Shipping Act, 1916, a " common carrier by water in interstate commerce." (See 39 U. S. Stat. at Large, 728, chap. 451, § 1; Id. 735, § 18.) The attempt, therefore, in the bill of lading to restrict the time of notice of claim and the time in which suit may be brought, is illegal and cannot be sustained. Plaintiff, having filed notice of claim and brought suit within the time allowed under the First Cummins Amendment, is entitled to judgment for the amount demanded, to wit, $1,625.32, with costs.

DOWLING, SMITH, MERRELL and FINCH, JJ., concur.

Judgment ordered for plaintiff for $1,625.32, with costs. Settle order on notice.